# EXHIBIT A TO NOTICE OF REMOVAL

PBS INVESTIGATIONS
714 E Rose Lane
Phoenix, Arizona 85014
(602) 622-6508



IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **DONNA SCHAFER**, an adult individual, | Case No.: CV2018-051085 |
| Plaintiff, | **AFFIDAVIT OF SERVICE** |
| vs. | |
| **GEICO CASUALTY COMPANY**, a Maryland Corporation; | |
| Defendant. | |

I, Paul Bryan Seaman, being duly sworn, depose and say that on the 25th day of January, 2018 at 3:03PM , I:

Individually/Personally served by delivering a true copy of the Complaint, Certificate of Compulsory Arbitration, and Summons to Geico Casualty Company, by serving Yuliana Salinas at the Arizona Department Of Insurance. This service occurred at 2910 North 44th Street Phoenix, AZ 85018.

I being first duly sworn, deposes and states; I am fully qualified to serve process in this case, having been appointed by the court.

Service:$48.00
Mileage:3
Total:$49.35

Paul Bryan Seaman
Process Server
**PBS Investigations**
**714 E. Rose Lane**
**Phoenix, Arizona 85014**

MICHAEL K. JEANES
Clerk of the Superior Court
By Christina Flores, Deputy
Date 01/12/2018 Time 13:13:43
Description                     Amount
---------- CASE# CV2018-051085 ----------
CIVIL NEW COMPLAINT              322.00
TOTAL AMOUNT                     322.00
           Receipt# 26355222

**ZACHAR LAW FIRM, P.C.**
P. O. Box 47640
Phoenix, Arizona 85020
(602) 494-4800
Christopher J. Zachar    #014711
czachar@zacharlaw.com

Attorney for the Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **DONNA SCHAFER,** an adult individual,<br><br>  Plaintiff,<br><br>vs.<br><br>**GEICO CASUALTY COMPANY,**<br>a Maryland Corporation;<br>**JOHN DOES I – X; JANE DOES I – X;**<br>**ABC PARTNERSHIPS I – X** and<br>**XYZ CORPORATIONS I – X,**<br><br>  Defendants. | No.: CV2018-051085<br><br>**COMPLAINT**<br><br>(Tort: Breach of Contract) |

NOW COMES Plaintiff Donna Schafer, by and through undersigned counsel, and for her Complaint against the Defendants alleges as follows:

1. Plaintiff is an adult individual residing in Maricopa County, Arizona.

2. Defendant GEICO Casualty Company (hereinafter referred to as "GEICO") is a corporation organized pursuant to the laws of the State of Maryland, doing business in Maricopa County, Arizona.

-1-

3. Defendants John Does I – X and Jane Does I – X are fictitious persons whose identities are unknown to Plaintiff, but whose conduct may have caused or contributed to Plaintiff's damages herein. Plaintiff reserves the right to amend the pleadings with the names of said persons(s) once their identities become known.

4. Defendants ABC Partnerships I – X and XYZ Corporations I – X are fictitious entities whose identities are unknown to Plaintiff, but whose conduct may have caused or contributed to Plaintiff's damages herein. Plaintiff reserves the right to amend the pleadings with the names of said entities once their identities become known.

5. All acts and transactions alleged herein occurred in Maricopa County, Arizona.

6. On March 13, 2016, Plaintiff Donna Schafer was the restrained driver of a 2007 Honda Pilot traveling northbound on Val Vista Drive approaching the intersection with Guadalupe Road in Gilbert, Arizona.

7. At the same time, non-party Joseph William Zalis was driving a 2003 Chevrolet S10 pickup truck southbound on Val Vista Drive, intending to turn left at the intersection to travel east on Guadalupe Road.

8. Plaintiff Donna Schafer had a green light and proceeded through the intersection.

9. Non-party Joseph William Zalis failed to yield the right-of-way in making his left turn in the intersection.

10. A violent collision occurred.

11. As a result of the collision, Plaintiff Donna Schafer sustained injuries and damages.

12. On or about April 26, 2017, Plaintiff made a demand to non-party Zalis's insurer to settle for the limits of the Zalis liability insurance policy.

13. The value of Plaintiff's claim exceeded the limits of the Zalis liability insurance policy.

14. Non-party Zalis's insurer (State Farm) offered and tendered the policy limits to Donna Schafer.

15. Thereafter, Plaintiff submitted an underinsured motorist ("UIM") claim to her own automobile insurance company, Defendant GEICO.

16. On the date of the subject collision, Plaintiff was insured for UIM protection with Defendant GEICO under automobile Policy Number 4350092542.

17. Defendant GEICO has acknowledged the UIM claim, designating it as Claim Number 050370067-0101-051.

18. Defendant GEICO responded to Plaintiff's UIM claim by agreeing that coverage exists and is applicable for the injury claim asserted by Plaintiff.

19. By letter dated October 24, 2017, Plaintiff presented her UIM settlement package to Defendant GEICO for consideration and evaluation.

20. Thereafter, Defendant GEICO denied Plaintiff's claim.

21. To date, Defendant GEICO has failed and/or refused to make a fair offer for the UIM claim in conformance with the damages proof already submitted, as is required by the UIM provisions of the subject policy and by Arizona law.

22. As a result, Defendant GEICO has forced its insured, Donna Schafer, to file this lawsuit to seek the coverage and protection of her policy of insurance with Defendant GEICO.

23. The policy between Plaintiff and Defendant GEICO obligates GEICO to pay full and fair value for the "underinsured" portion of Plaintiff's claims for injuries and damages arising out of the motor vehicle accident of March 13, 2016.

24. Plaintiff properly and timely notified Defendant GEICO of the accident and her intention to present this UIM claim.

25. Plaintiff properly submitted her UIM claim to Defendant GEICO.

26. Plaintiff has complied with all aspects of the policy in providing notice to and submitting her UIM claim to Defendant GEICO.

27. Under the policy terms, Defendant GEICO had and has a duty to fully and fairly evaluate Donna Schafer's claim.

28. Under the policy terms, Defendant GEICO had and has a duty to pay to Plaintiff the full and fair value of the UIM claim.

29. Under Arizona law, Defendant GEICO has a duty to fully and fairly evaluate the claim and give equal consideration to Plaintiff's interests.

30. Plaintiff Donna Schafer was and is entitled to expect that Defendant GEICO would be on her side in investigating, assessing and evaluating all aspects of the subject accident and her claims. (*Rawlings*, supra at 155.)

31. Defendant GEICO's breach was and is for the sole purpose of denying Plaintiff Donna Schafer the benefits of the very protection she sought from and paid Defendant GEICO for in purchasing the UIM coverage.

32. Defendant GEICO has breached its duty to Plaintiff by failing to fully and fairly evaluate the claim.

33. Defendant GEICO has breached its duty to Plaintiff by failing to give equal consideration to the interest of Plaintiff.

34. Defendant GEICO has breached its duty to Plaintiff by failing to make a fair offer to settle Plaintiff's damages claim under the policy's UIM provisions.

35. Defendant GEICO has breached its duty by compelling Plaintiff to file a lawsuit to seek the protection and benefits of the insurance policy for which Plaintiff paid a premium.

36. As a direct result, Plaintiff has sustained and continues to incur monetary and other damages.

37. Under A.R.S. §12-332, Plaintiff is entitled to reimbursement of taxable costs herein.

38. Under A.R.S. §12-341.01, Plaintiff is entitled to legal fees.

WHEREFORE, Plaintiff seeks the following relief against Defendant GEICO:

A. For Plaintiff's special damages, in amounts to be proven at trial and in amounts sufficient to satisfy the jurisdictional requirements of this Court;

B. For Plaintiff's general damages, in amounts to be proven at trial;

C. For Plaintiff's reasonable costs incurred;

D. For Plaintiff's attorney's fees pursuant to A.R.S. §12-341.01; and

E. For such other and further relief as this Court deems just and proper.

DATED this 24th day of January, 2018.

_____
Christopher J. Zachar
Attorney for the Plaintiff

01 30 18

ZACHAR LAW FIRM, P.C.
P. O. Box 47640
Phoenix, Arizona 85020
(602) 494-4800
Christopher J. Zachar   #014711
czachar@zacharlaw.com

Attorney for the Plaintiff

COPY

JAN 1 2 2018

MICHAEL K JEANES, CLERK
C. FLORES
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| DONNA SCHAFER, an adult individual,<br><br>Plaintiff,<br><br>vs.<br><br>GEICO CASUALTY COMPANY,<br>a Maryland Corporation;<br>JOHN DOES I – X; JANE DOES I – X;<br>ABC PARTNERSHIPS I – X and<br>XYZ CORPORATIONS I – X,<br><br>Defendants. | No.: CV2018-051085<br><br>**CERTIFICATE OF<br>COMPULSORY ARBITRATION** |

The undersigned certifies that the largest award sought in this action, including punitive damages, but excluding interest, attorney's fees, and costs *does* exceed limits set by local rule for compulsory arbitration. This case *is not* subject to Arbitration per the Arizona Rules of Civil Procedure.

DATED this 12th day of January, 2018.

_____
Christopher J. Zachar
Attorney for the Plaintiff

-1-

01 30 18

050 370 067 0161-051

STATE OF ARIZONA
DEPT. OF INSURANCE

JAN 2 5 2018

TIME 3:03 pm

SERVICE OF PROCESS

RECEIVED JAN 29 2018

By FCC11

1  **ZACHAR LAW FIRM, P.C.**
2  P. O. Box 47640
3  Phoenix, Arizona 85020
4  (602) 494-4800
5  Christopher J. Zachar    #014711
   czachar@zacharlaw.com
6  Attorney for the Plaintiff

ORIGINAL

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| DONNA SCHAFER, an adult individual,<br><br>Plaintiff,<br><br>vs.<br><br>GEICO CASUALTY COMPANY,<br>a Maryland Corporation;<br>JOHN DOES I – X; JANE DOES I – X;<br>ABC PARTNERSHIPS I – X and<br>XYZ CORPORATIONS I – X,<br><br>Defendants. | No.: CV2018-051085<br><br>**SUMMONS** |

THE STATE OF ARIZONA TO THE DEFENDANT:

**GEICO CASUALTY COMPANY**, a Maryland Corporation:

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance, an insurer's attorney to receive service of legal

-1-

01 30 18

process against it in this State, the insurer shall not be required to appear, answer, or plead until expiration of 40 days after such date of service upon the Director. Service by registered or certified mail within the State of Arizona is complete 30 days after the date of filing the receipt and Affidavit of service with the Court. Service by publication is complete 30 days after the date of the first publication, direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. A.R.C.P. 4: A.R.S. §§ 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE HEREBY CAUTIONED that in order to appear and defend, you must file an Answer of proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff or Plaintiff's attorney. A.R.C.P. 10 (d); A.R.S. §§12-311; A.R.C.P. 5.

REQUESTS for reasonable accommodation for persons with disabilities must be made to the Court by parties at least three (3) working days in advance of a scheduled court hearing.

Name and address of Plaintiff's attorney is:

Christopher J. Zachar, Esq.
Zachar Law Firm, P.C.
P. O. Box 47640
Phoenix, Arizona 85020

JAN 1 2 2018

SIGNED AND SEALED THIS DATE: _____

MIC_____

Clerk

By: _____

C. Flores
Deputy Clerk

-2-